UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL JOSEPH BEGNOCHE,<br><br>Petitioner<br><br>v.<br><br>JUDGE RICHARD A. LEWIS, *et al.*<br><br>Respondents. | CIVIL ACTION NO. 3:25-cv-01810<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

This is a *pro se* habeas corpus action arising under 28 U.S.C. § 2254 filed by Petitioner Paul Joseph Begnoche ("Begnoche"). (Doc. 1). However, upon review of the petition the Middle District of Pennsylvania is not the proper venue for this action. Therefore, the court will transfer this action to the Western District of Pennsylvania.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

On September 29, 2025, Begnoche, an inmate currently confined in the State Correctional Institution in Mercer, Pennsylvania ("SCI-Mercer"), filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Doc. 1). However, Begnoche has failed to identify any underlying state criminal conviction he seeks to challenge. Since Begnoche is being housed in the Western District of Pennsylvania and there is no alleged underlying criminal conviction from a state court located in this district, the Court will transfer the action to the United States District Court for the Western District of Pennsylvania.

**II.    DISCUSSION**

Begnoche did not identify any underlying criminal conviction he is trying to challenge with this Section 2254 petition. (Doc. 1). The district in which Begnoche is currently housed is the Western District of Pennsylvania. *See* 28 U.S.C. § 118.

In states with two or more federal judicial districts, a state prisoner may file a habeas petition in one of two federal district courts: (1) the federal judicial district where the prisoner is in custody; or (2) the federal judicial district where the state court of conviction is located. 28 U.S.C. § 2241(d). Each of those districts have "jurisdiction to entertain the petition." 28 U.S.C. § 2241(d). Section 2241(d), however, also provides that a district court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. § 2241(d). Additionally, 28 U.S.C. § 1404 vests a district court with the authority to transfer any civil action, "for the convenience of the parties and witnesses, in the interest of justice," to any district where the action might have been brought. 28 U.S.C. § 1404(a).

In this case, Begnoche is currently incarcerated at SCI-Mercer, which is located in Mercer County and within the territorial boundaries of the Western District of Pennsylvania. *See* 28 U.S.C. 118(c). In his petition, it is unclear what Begnoche challenges. Therefore, the Middle District of Pennsylvania is not the proper venue for this action under Section 2241(d).

Since Begnoche is currently in custody in the Western District of Pennsylvania, the Court will transfer this action to the Western District.

**III.    CONCLUSION**

    For the reasons set forth above, the Court will transfer the above captioned action to the United States District Court for the Western District of Pennsylvania. A separate Order will be entered.

Dated: December 4, 2025                            *s/ Karoline Mehalchick*
                                                           **KAROLINE MEHALCHICK**
                                                           **United States District Judge**